UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| KHANH LE, | CASE NO. C14-0028JLR |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| FIREMAN'S FUND INSURANCE CO., et al., | |
| Defendants. | |

Before the court is Plaintiff Khanh Le's "Motion for a Protective Order." (Mot. (Dkt. # 5).) Mr. Le asks the court to issue a "protective order" against Defendant Fireman's Insurance Company ("Fireman's") to stop Fireman's from "committing any further actions against [him] or [his] wife . . . ." (*Id.* at 1.) Mr. Le alleges that he has been threatened by an attorney representing Fireman's and that the same attorney committed fraud and perjury against him. (*Id.* at 2.) He claims that "Fireman's . . . has me under survelance [sic] and has a falsified bench warrant for my arrest out of

ORDER- 1

California. I am in constant fear. I have nightmares every night. I need a protective order so my wife and I can safely get the medical care we need." (*Id.* at 3.)

The court liberally construes Mr. Le's request as a motion for a temporary restraining order ("TRO"). This is not an ordinary request for a protective order such as is contemplated by the Federal Rules of Civil Procedure in the context of discovery. *See* Fed. R. Civ. P. 26(c). If the court treated this as an ordinary motion for protective order under Rule 26(c), the motion would be denied because discovery has not yet begun and, indeed, the defendant has not even been served in this action. (*See* Dkt.) However, the court has an obligation to liberally construe pleadings brought by pro se litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). This motion, in substance, resembles a motion for a TRO asking for injunctive relief against Fireman's; the court will construe it in that way.

Thus construed, the motion is DENIED. To show that a TRO is warranted, a plaintiff must demonstrate that (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm absent a TRO; (3) the balance of hardships tips in the plaintiff's favor, and (4) the injunction is in the public interest.[1] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 2d 1320, 1323 (N.D. Cal. 1995) (standard for a

---

[1] In the Ninth Circuit, courts also apply the so-called "serious questions" test. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Under that test, a district court may grant injunctive relief if there are serious questions going to the merits of the plaintiff's claims and the balance of hardships tips sharply towards the plaintiff, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* For the reasons stated below, Mr. Le has not met this standard.

TRO is the same as standard for a preliminary injunction). Mr. Le's bare allegations establish none of these factors. Most notably, Mr. Le has not demonstrated that he has a plausible claim against Fireman's, let alone that he is likely to succeed on the merits. Nor has he offered any reason why the balance of hardships tips in his favor or why an injunction would be in the public interest. In short, he has made no showing that he is entitled to the relief that he requests.[2]

Accordingly, Mr. Le's motion (Dkt. # 5) is DENIED.

Dated this 31st day of January, 2014.

JAMES L. ROBART
United States District Judge

---

[2] In addition, TRO motions are rarely granted without notice to the adverse party. *See, e.g.*, *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131-32 (9th Cir. 2006). Under the Western District of Washington's local rules, TRO motions without notice are disfavored and the moving party is required to serve all motion papers on the adverse party unless the requirements of Federal Rule of Civil Procedure 65(b) are met. Local Rules W.D. Wash. LCR 65(b)(1). Mr. Le has not given the court any indication that he gave notice to Defendants or that he has satisfied Rule 65(b)'s requirements.